**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1006
_____

REGINALD L. SYDNOR,
            Appellant

v.

MARK A. ROBBINS, VICE CHAIRMAN, ET AL.; UNITED STATES MERIT
SYSTEMS PROTECTION BOARD ("BOARD"), IN THEIR OFFICIAL MEMBER
CAPACITY, AS WELL AS THEIR PREDECESSORS, SUCCESSORS OR ASSIGNS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-02631)
District Judge: Hon. C. Darnell Jones, II
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 17, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: September 21, 2020)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Reginald Sydnor, formerly a federal administrative law judge, was terminated and debarred in late 1998. This is his fourth attempt to challenge that decision in federal court.[1] Perhaps unsurprisingly, the arguments he now advances are untimely and could have been or were resolved in previous decisions. We therefore will affirm the District Court's orders dismissing Sydnor's complaint and denying his motion for reconsideration.

## DISCUSSION[2]

At bottom, this dispute is the same one Sydnor has been pressing for over two decades: that in finding him unsuitable for federal employment, the Merit Systems Protection Board (MSPB or the Board) wrongfully denied him substantive and procedural protections under 5 U.S.C. § 7521. The Board's final decision on that point came in December 1998. *Sydnor v. OPM*, Nos. PH-0731-98-0188-I-1 & PH-0752-98-0213-I-1, 1998 WL 974917 (MSPB Dec. 30, 1998). That poses a major problem for Sydnor's current efforts. Typically, a litigant in his position has at most two months to seek judicial review, *see* 5 U.S.C. § 7703(b)(1)–(2) (establishing thirty- and sixty-day periods depending on the nature of the claim), and even the more forgiving catch-all provision for suits

---

[1] *See Sydnor v. LaChance*, No. 00-1035, 2000 WL 331822 (4th Cir. Mar. 30, 2000) (per curiam), *cert. denied*, 531 U.S. 1014 (2000); *Sydnor v. OPM*, 336 F. App'x 175 (3d Cir. 2009); *Sydnor v. MSPB*, 466 F. App'x 907 (Fed. Cir. 2012) (per curiam).

[2] Because we write only for the parties, who are familiar with the background of this case, we need not reiterate the factual or procedural history. The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of Sydnor's complaint de novo, *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006), and the denial of his motion for reconsideration for abuse of discretion, *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

against the United States allows for only six years, *see* 28 U.S.C. § 2401(a). Using basic arithmetic, the District Court concluded Sydnor's claims were "untimely and must therefore be dismissed." App. 3a n.1. That conclusion could hardly have been a surprise, as it was not the first time a court rejected one of Sydnor's collateral attacks against the MSPB decision as untimely. *See Sydnor v. OPM*, No. 06-cv-0014, 2007 WL 2029300, at *4–6 (E.D. Pa. July 11, 2007), *aff'd on other grounds*, 336 F. App'x 175 (3d Cir. 2009).

Trying to avoid that conclusion, Sydnor argues the District Court should have started the clock in April 2015, when—in response to his letter urging the MSPB to reopen the 1998 proceedings—the Clerk of the Board told him he had "no further right to review." App. 61. The District Court wisely rejected that argument, reasoning that Sydnor's claims against the Board accrued as of the 1998 decision denying his administrative appeal, not as of "[a] letter sent . . . seventeen years later. . . . [that] merely reiterated the prior final decision and had absolutely no effect on [his] legal rights." App. 4a n.1. We agree. Accepting Sydnor's argument to the contrary would give all aggrieved litigants with time-barred claims the ability to solicit a pro forma statement from the agency that no more remedies were available and thereby revive long-expired periods to seek judicial review.

Even apart from the timeliness issue, Sydnor's claims were properly dismissed for an independent reason: They are precluded. Here, we need not reinvent the wheel. Faced in 2009 with similar claims by Sydnor about the Government's "failure to comply with 5 U.S.C. § 7521 in making its unsuitability . . . determination," we held those claims were "barred by the doctrine of *res judicata*" because Sydnor was "attack[ing] the same decision challenged in his prior action[s] (albeit not on precisely the same grounds)." *Sydnor v. OPM*, 336 F. App'x 175, 180–81 (3d Cir. 2009). Now, as then, the "final

3

judgment on the merits" in Sydnor's previous judicial actions "precludes . . . relitigati[on] [of] issues that were or could have been raised" before. *Id.* at 181 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981)).

Again trying to skirt well-tread ground, Sydnor argues preclusion is inappropriate because he has sued the members of the MSPB rather than the Board itself. That argument runs aground on settled precedent. An official-capacity suit, "in all respects other than name, [is] treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). For that reason, our preclusion case law looks past such nominal distinctions among governmental defendants. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 527 (3d Cir. 2002) (holding that because "commissioners in their official capacity comprise the [agency]," the commissioners and agency are the "same parties" for preclusion purposes (capitalization altered)); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("[A] judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

Sydnor's last resort is an argument that, he contends, he could not have raised before: that he is entitled to relief under *Lucia v. SEC*, 138 S. Ct. 2044 (2018), which the Supreme Court decided one day before he filed this lawsuit. We see at least three fundamental flaws with that argument. First, Sydnor failed to raise it before the District Court until his motion for reconsideration, which abandoned his previous lines of argument and was entirely based on the *Lucia* decision. While reconsideration may be appropriate upon "an intervening change in the controlling law," *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), Sydnor makes no effort to explain why he could not have raised it in his initial or corrected complaint, in a subse-

4

quent motion to amend, or in opposing the Government's motion to dismiss.  Second, we question the basic premise of Sydnor's argument: that *Lucia* was a doctrinal sea change he could not have anticipated in his initial appeal and subsequent collateral attacks.  *See, e.g.*, *Malouf v. SEC*, 933 F.3d 1248, 1258 (10th Cir. 2019) (reasoning that *Lucia* did not "change[] the law"); *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) ("No precedent prevented [a litigant] from bringing the constitutional claim before then.  *Lucia* itself noted that existing case law 'says everything necessary to decide th[e] case.'" (quoting 138 S. Ct. at 2053)).  Third, whatever right the Court recognized in *Lucia*, it was limited to "one who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case."  138 S. Ct. at 2055 (emphasis added) (citation omitted).  As we have explained, a litigant who fails to present an Appointments Clause challenge in an appropriately timely manner will thereafter be "barred from doing so."  *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020).  Such is the case with Sydnor, whose current challenge against the appointment method for the officer who decided his suitability for employment in 1998 is anything but timely.  The District Court therefore acted within its discretion in denying Sydnor's motion for reconsideration based on *Lucia*.

## CONCLUSION

For these reasons, we will affirm the orders of the District Court.